United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JOSE REYES HERNANDEZ NUNEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01811** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Jose Reyes Hernandez Nunez's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8).

On October 9, 2026, Petitioner filed his Petition for Writ of Habeas Corpus, (Dkt. 1), challenging his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). (*Id.* at 6–7.) The Court ordered Respondents to file a response to the habeas petition on or before October 19, 2026. (Dkt. 5.) On October 15, 2026, Respondents filed an advisory informing the Court that an Immigration Judge ("IJ") found that Petitioner had presented "insufficient evidence and information to establish a reasonable possibility he would be tortured in his home country by or with the consent or acquiescence of a government official." (Dkt. 7 at 1; Dkt. 7, Attach. 1 at 3.)[1] On October 19, 2026, Respondents filed a Response to Petitioner's Petition for Writ of Habeas Corpus and Motion for Summary Judgment.

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

(Dkt. 8.) On October 27, 2026, Petitioner filed a reply to Respondents' response. (Dkt. 9.) On November 4, 2026, Respondents filed an advisory informing the Court that Petitioner was removed from the United States on October 24, 2026. (Dkt. 10 at 1.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on October 24, 2026. (Dkt. 10 at 1, 4.) Because Petitioner only challenged his ongoing detention, his Petition for Writ of Habeas Corpus, (Dkt. 1), is moot because he has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this November 10, 2026.

Diana Saldaña
United States District Judge